IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH BECKER, | No. 2:14-cv-1688-TLN-CMK-P |
|     Plaintiff, | |
|   vs. | <u>FINDINGS AND RECOMMENDATION</u> |
| B. POWELL, et al., | |
|     Defendants. | |
|                                    / | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' unopposed motion to dismiss (Doc. 14).

       **I.**      **BACKGROUND**

This action proceeds on plaintiff's original complaint (Doc. 1) against two defendants, Powell and Lizarraga. Plaintiff alleges that the defendants violated his Eighth Amendment rights by transferring him to a facility where he has known enemies, thereby placing in at substantial risk of serious harm. Plaintiff alleges the defendants knew of the risk, and transferred him anyway.

/ / /

1

## II. MOTION TO DISMISS

Defendants filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff's failure to exhaust his administrative remedies prior to filing this case is clear on the face of the complaint.

Rule 12(b)(6) provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). However, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 662, 544, 555-57 (2007).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

1994).

Failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove." Jones v. Bock, 549 U.S. 199, 204, 216 (2007).  In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6). Otherwise, defendants must produce evidence proving failure to exhaust in order to carry their burden.

> In a few cases, a prisoner's failure to exhaust may be clear from the face of the complaint. However, such cases will be rare because a plaintiff is not required to say anything about exhaustion in his complaint. As the Court wrote in Jones, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Id. at 216.  But in those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim.

Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc).

Here, defendants argue that this is one of the cases in which it is clear from the complaint that plaintiff failed to exhaust his administrative remedies.  Defendants contend that where plaintiff alleges he exhausted his administrative remedies, the claims raised in his inmate grievance he claims exhausted his administrative remedies are not the same claims raised herein. Specifically, the inmate grievance plaintiff states exhausted his administrative remedies addresses plaintiff's complaints about his cell being searched and his legal property being confiscated by non-party staff members.  The claims raised in this case center around plaintiff being transferred to a new location where he had known enemies, thus placing him in danger and failing to protect him from a substantial risk of serious harm.  Therefore, defendants argue it is clear from the complaint that plaintiff has not exhausted his administrative remedies.

Prisoners seeking relief under § 1983 must exhaust all available administrative remedies prior to bringing suit.  See 42 U.S.C. § 1997e(a).  This requirement is mandatory regardless of the relief sought.  See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)).  Because exhaustion must precede the filing of

1    the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies
2    while the lawsuit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  The
3    Supreme Court addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199 (2007), and
4    held: (1) prisoners are not required to specially plead or demonstrate exhaustion in the complaint
5    because lack of exhaustion is an affirmative defense which must be pleaded and proved by the
6    defendants; (2) an individual named as a defendant does not necessarily need to be named in the
7    grievance process for exhaustion to be considered adequate because the applicable procedural
8    rules that a prisoner must follow are defined by the particular grievance process, not by the
9    PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some, but not
10   all, claims are unexhausted.

11          The Supreme Court also held in Woodford v. Ngo that, in order to exhaust
12   administrative remedies, the prisoner must comply with all of the prison system's procedural
13   rules so that the agency addresses the issues on the merits.  548 U.S. 81, 89-96 (2006).  Thus,
14   exhaustion requires compliance with "deadlines and other critical procedural rules."  Id. at 90.
15   Partial compliance is not enough.  See id.  Substantively, the prisoner must submit a grievance
16   which affords prison officials a full and fair opportunity to address the prisoner's claims.  See id.
17   at 90, 93.  The Supreme Court noted that one of the results of proper exhaustion is to reduce the
18   quantity of prisoner suits "because some prisoners are successful in the administrative process,
19   and others are persuaded by the proceedings not to file an action in federal court."  Id. at 94.

20          A prison inmate in California satisfies the administrative exhaustion requirement
21   by following the procedures set forth in §§ 3084.1-3084.8 of Title 15 of the California Code of
22   Regulations.  In California, inmates "may appeal any policy, decision, action, condition, or
23   omission by the department or its staff that the inmate . . . can demonstrate as having a material
24   adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).
25   The inmate must submit their appeal on the proper form, and is required to identify the staff
26   member(s) involved as well as describing their involvement in the issue.  See Cal. Code Regs. tit.

15, § 3084.2(a). These regulations require the prisoner to proceed through three levels of appeal. See Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.2, 3084.7. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. See id. Departmental appeals coordinators may reject a prisoner's administrative appeal for a number of reasons, including untimeliness, filing excessive appeals, use of improper language, failure to attach supporting documents, and failure to follow proper procedures. See Cal. Code Regs. tit. 15, §§ 3084.6(b). If an appeal is rejected, the inmate is to be provided clear instructions how to cure the defects therein. See Cal. Code Regs. tit. 15, §§ 3084.5(b), 3084.6(a). Group appeals are permitted on the proper form with each inmate clearly identified, and signed by each member of the group. See Cal. Code Regs. tit 15, § 3084.2(h).

In certain circumstances, the regulations make it impossible for the inmate to pursue a grievance through the entire grievance process. See Brown v. Valoff, 422 F.3d 926, 939 n. 11 (9th Cir. 2005). Where a claim contained in an inmate's grievance is characterized by prison officials as a "staff complaint" and processed through a separate confidential process, prison officials lose any authority to act on the subject of the grievance. See id. at 937 (citing Booth, 532 U.S. at 736 n. 4). Thus, the claim is exhausted when it is characterized as a "staff complaint." See id. at 940. If there are separate claims in the same grievance for which further administrative review could provide relief, prison regulations require that the prisoner be notified that such claims must be appealed separately. See id. at 939. The court may presume that the absence of such a notice indicates that the grievance did not present any claims which could be appealed separate from the confidential "staff complaint" process. See id.

Here, plaintiff sets forth the following as to his statement of claim in his complaint:

> Defendants acted with deliberate indifference in endorsing Plaintiff for a transfer to Sierra Conservation Center (SCC) state prison knowing that inmate enemies that have already harmed Plaintiff are

>housed at SCC. . . . On May 6, 2014 B. Powell endorsed Plaintiff for such transfer to SCC despite having knowledge of enemies housed there that have harmed, and will again harm Plaintiff. On May 22, 2014, J. Lizarraga refused Plaintiff's plea during a committee hearing to rescind the transfer. J. Lizarraga knew the inmate enemies are at SCC, had the power and authority to rescind such transfer, yet deliberately declined to do so, subjecting Plaintiff to risk of harm.

(Compl., Doc. 1, at 3).

He further states in his complaint, as to the exhaustion of his administrative remedies, that he mailed his appeal to the appeals chief on January 2, 2014, for final review. He then attaches a copy of his inmate appeal as Exhibit A to the complaint, which he signed on July 15, 2014. In the inmate appeal plaintiff attaches as Exhibit A, he states his issue related to being sent to RJ Donovan Correctional Facility (RJD), which was too far for court access at Amador Superior Court, and he had a listed/documented enemy at RJD. He further states that staff at Mule Creek State Prison (MCSP) (specifically Stanford, Yanos, and Cisneros) are harassing him. Finally, he states that he is unable to get a fair trial because the ad-seg staff has learned of his entire defense strategy and trashed his case documents. This appeal was signed August 27, 2013.

While there are some similar factual allegations in the inmate appeal to those alleged in the complaint, the similarity is insufficient to meet plaintiff's exhaustion requirement. The facts related to his fair trial, court access and staff harassment are not related to the claims raised in this case. The similarities relate to the possibility of plaintiff being transferred to an institution where he has known enemies. However, in the inmate appeal from 2013, plaintiff was concerned about being sent to RJD. The facts alleged in the complaint in this case include concern about being sent to SCC in 2014. Clearly, the transfer to a different prison where there are different known enemies raise a separate claim which plaintiff should have raised with prison officials and provided them an opportunity to address prior to filing this action. While plaintiff also included, at Exhibit B, a letter from his advisory counsel to the appeals coordinator raising the issue of a transfer to SCC, the letter does not suffice to exhaust his administrative remedies.

///

The undersigned agrees with the defendants that it is clear from the complaint that plaintiff failed to exhaust his administrative remedies prior to filing this action.

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that defendants' unopposed motion to dismiss (Doc. 14) be granted and plaintiff's complaint be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 11, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE